they shall be held to this defense, and will not permit them to plead any other. Should they attempt to set up another defense, independent of that on which they have obtained a removal, it will be the duty of the court to strike it out, and to confine the defendants to substantially the ground of defense which they have indicated in their petition—not perhaps to the literal statement of it, but to that which is substantially the same.

The second ground of removal, namely, the alienage of the plaintiff and the Texas citizenship of the defendants (which also arises under the second section of the act of 1875), is also sufficiently alleged in the petition. It is true, the petition only alleges that the plaintiff was an alien when he filed his suit in the district court for Galveston county, and does not allege that he still remained an alien at the time of filing the amended petition for removal. But we think the allegation was sufficient. It was lately decided by the supreme court in the case of Insurance Co. v. Pechner, 95 U. S. 183, that, under the judiciary act of 1789, the requisite citizenship for the removal of a cause from a state court to a federal court must exist at the commencement of the suit in the state court. It is true, the court drew its conclusion from the language of the 12th section of the judiciary act, which was, "that if a suit be commenced in any state court by a citizen of the state against a citizen of another state," etc., then the cause might be removed; and the language of the act of 1875 is different, and is not so explicit on this point. But we think that the intent of the act is the same. Its language is, "that any suit of a civil nature at law or in equity, now pending or hereafter brought in any state court, * * * in which there shall be a controversy between citizens of a state and foreign states, citizens or subjects, etc., either party may remove said suit," etc. The description here given of a suit that may be removed embraces a suit in which the parties have the requisite citizenship or alienage at the time of its commencement; and as that was the time fixed by the previous law for ascertaining this condition or status of the parties, it may very properly be construed to be the time intended by the present law for the same purpose. It is convenient to have some fixed and definite time. The commencement of the suit is the most convenient and reasonable time. If a subsequent time were fixed, it would involve a necessary shifting and changing of jurisdiction. We shall adhere to the old rule as within the intendment of the present law until some other rule shall be adopted by the superior court.

The formal objections to the removal of the cause are not tenable. There is no good reason why a defendant should not be allowed to amend his petition, if by inadvertence it is imperfect as first presented. It is contended that it cannot be amended in so important a matter as that of being verified by affidavit, where the original petition is not so verified; in other words, that the original must be considered as no petition. We do not perceive why this result should follow. The statute does not require a verification, though it is eminently proper that the petition should be verified.

It is said that the order of removal was made on a day subsequent to the appearance of the defendants. The act of 1875 does not require that the order should be made before appearance. It only requires that the party desiring a removal shall make and file a petition therefor "before or at the term at which said cause could be first tried, and before the trial thereof." · Section 3.

Without going into further detail, we may say that no sufficient ground has been pointed out for remanding the cause. The motion is overruled.

## Case No. 6,740.

### In re HOUSTON.

[Nowhere reported; opinion not now accessible.]

HOUSTON (UNITED STATES v.). See Case No. 15,398.

HOUSTON & GREAT NORTHERN R. CO. (KIDWELL v.). See Case No. 7,757.

## Case No. 6,740a.

### In re HOUTMAN.

[Nowhere reported; opinion not now accessible.]

HOUTZ (SMITH v.). See Case No. 13,062.

## Case No. 6,741.

### HOVEY v. The FRANCIS SKIDDY.

[43 Hunt. Mer. Mag. (1860) 68.]

District Court, S. D. New York.

#### COLLISION—NEGLIGENCE.

[A tug with a tow and a steamboat were navigated at a low rate of speed in the Hudson river, in a fog so thick that they were first warned of their dangerous proximity by the noise of each other's paddles when about 200 feet apart. The tug immediately reversed, the steamboat stopped, and then tried to cross the tug's bows, and collided with the tow. Held, it appearing that if the steamboat had reversed at once the collision would not have happened, that she should be held solely in fault.]

This case came up on exceptions to the report of the commissioner to whom the case was referred under the rules of January term, 1859. The action was brought by [Alfred H. Hovey], the owner of the canal boat Atlantic, to recover the damages occasioned by her being run into by the Skiddy on the Hudson river. The boat was in tow of the steam tug Illinois. There was a fog up-